M.C. ZAPATA, Plaintiff,

v.

John D. QUINN, Director, New York State Lottery, and The State of New York, by Robert Abrams, Attorney General, Defendants.

No. 82 Civ. 3537(RWS).

United States District Court, S.D. New York.

Dec. 7, 1982.

Antonio C. Martinez, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants; Florence Abrams, Asst. Atty. Gen., New York City, of counsel.

## OPINION

SWEET, District Judge.

In this action plaintiff M.C. Zapata ("Zapata") challenges the payment terms of the New York State Lottery ("Lottery"). Defendants John D. Quinn, Director of the New York State Lottery, and the State of New York (collectively the "State") have moved pursuant to Rules 12(b) and 56 Fed. R.Civ.P. for dismissal of this action. For the reasons set forth below, the action is dismissed.

Zapata, a citizen of Colombia, South America, purchased a New York State Lottery ticket while visiting New York and won a Lottery prize of $273,178 in a Lottery drawing on January 19, 1980. Zapata claims that Lottery payments of prizes in excess of $250,000 in the form of $50,000 in cash and the balance in the form of a ten-year annuity constitutes a denial of property without due process, tortious conduct in violation of 28 U.S.C. § 1350 ("Alien Tort Statute") and wrongful conversion of property. Zapata seeks a lump sum payment of the balance of her prize money and interest on the money already awarded to her during the past two years under the annuity. In addition, Zapata seeks one million dollars in punitive damages against the State for "willful misappropriation of plain-

tiff's property and the suffering and inconvenience caused thereby."

The State argues, *inter alia,* that the court lacks jurisdiction over this matter. Zapata contends that original jurisdiction is conferred on this court by the Alien Tort Statute which reads as follows:

The district courts shall have original jurisdiction of any civil action by an alien for tort only, committed in violation of the law of nations or treaty of the United States.

28 U.S.C. § 1350. Courts have narrowly construed the reach of the Alien Tort Statute to include only those actions which rise to a level of international significance or involve well-established, universally recognized norms of international law. *See Filartiga v. Pena-Irala,* 630 F.2d 876 (2d Cir. 1980). Moreover, few cases have fallen within the ambit of the Act. *See e.g., Adbul-Rahman Omar Adra v. Clift,* 195 F.Supp. 857 (D.Md.1961); *Bolchos v. Darrell,* No. 1,607, 3 Fed.Cas. 810 (D.S.C.1795). Zapata's action in no way resembles those held to be within the Act's purview, for instance, a child custody dispute between aliens, *see Clift, supra,* or a title dispute concerning slaves on board an enemy vessel captured on the high seas in the late 1700's, *see Darrell, supra.* Thus reliance on the Alien Tort Statute is inappropriate.

Zapata further contends that the court should entertain this action pursuant to 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), which extends original jurisdiction to federal courts over all civil actions:

To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

The alleged right in issue here is one of due process. Zapata, however, has not set forth any authority for the proposition that she had a right to a lump sum payment of the Lottery prize. All Lottery tickets at the time in question specifically stated that any player who submits his ticket for validation agrees to abide by the New York State Lottery Rules and Regulations.[1] All such tickets also indicated where those rules and regulations could be obtained.[2] Finally, 21 NYCRR § 2817.6(h), as it existed at the time Zapata purchased her ticket, stated that prizes in excess of $250,000 would be paid $50,000 in cash with the remainder to be paid in the form of a ten-year annuity.[3]

Zapata argues that 21 NYCRR § 2817.-6(h) works a denial of property without notice and is therefore unconstitutional. However, as indicated above, there is no property right implicated here and the Lottery terms are accessible and unambiguous. Moreover, the rules and regulations of the New York Lottery carry a strong presumption of constitutionality, *Fujishima v. Games Management Serv.,* 110 Misc.2d 970, 443 N.Y.S.2d 323 (Sup.Ct. Queens County 1981); *Finger Lake Racing Ass'n v. Off-Track Betting Comm.,* 65 Misc.2d 946, 320 N.Y.S.2d 801 (Sup.Ct. Albany County 1971), *aff'd,* 30 N.Y.2d 207, 331 N.Y.S.2d 625, 287 N.E.2d 388 (1972), and the rules and regula-

1. The ticket reads as follows:
RULES AND REGULATIONS
1. By submitting a LOTTO ticket for validation, players agree to abide by the New York State Lottery Rules and Regulations. The Rules and Regulations are available to players at authorized LOTTO Sales Agents, at any State Lottery Office or by mail from LOTTO Central.

2. *See* note 1, *supra.*

3. 21 NYCRR § 2817.6(h) reads as follows:

On winning standard games individual prize payments up to $100,000 will be paid entirely in cash. Prizes in excess of $100,000 and up to $150,000, will be paid $50,000 in cash and the balance used to purchase an annuity at current rates payable over three years. Prizes in excess of $150,000 and up to $250,000 will be paid $50,000 in cash and the balance used to purchase an annuity at current rates payable over five years. Prizes in excess of $250,000 will be paid $50,000 in cash and the balance used to purchase an annuity at current rates payable over 10 years.

tions governing permissible forms of gambling have traditionally been strictly enforced, *Fujishima v. Games Management Serv., supra,* 443 N.Y.S.2d at 326 (cases cited therein).

Finally, Zapata argues that this court has diversity jurisdiction under 28 U.S.C. § 1332 since Zapata is a Colombian citizen and defendant Quinn is a citizen of the United States. The State argues that Quinn is only a nominal defendant and the real defendant here is the State of New York, and that the State cannot be a citizen for diversity purposes. It is unnecessary to resolve this issue because even if diversity jurisdiction were found to exist, Zapata does not state a claim upon which relief can be granted. Zapata seeks a declaration of her rights under the Lottery "contract" and as indicated above, its terms were available and unambiguous, and there is no reason why they should not be strictly enforced.

For these reasons Zapata's action is dismissed. Enter judgment dismissing the complaint.

IT IS SO ORDERED.